IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GLEN WEANT and NINA WEANT, | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) CIVIL NO. 11-788-GPM |
| TAKEDA PHARMACEUTICALS AMERICA, INC., TAKEDA PHARMACEUTICALS NORTH AMERICA, INC., TAKEDA PHARMACEUTICAL COMPANY LIMITED, and ELI LILLY AND COMPANY, | ) ) ) ) ) ) ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

　　This matter is before the Court *sua sponte* on the issue of federal subject matter jurisdiction. *See Foster v. Hill,* 497 F.3d 695, 696-97 (7th Cir. 2007) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case."); *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction"). Plaintiffs bring this personal injury and loss of consortium action against Defendants pursuant to 28 U.S.C. § 1332, which provides federal subject matter jurisdiction where the matter in controversy exceeds $75,000 exclusive of interest and costs, and is between diverse citizens. For the purposes of establishing § 1332 jurisdiction, 'diversity' means 'complete diversity'–"none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entm't Co.,* 106 F.3d 215, 217

(7th Cir. 1997); *see also Market St. Assocs. Ltd. Partnership v. Frey,* 941 F.2d 588, 589 (7th Cir. 1991) (under "the requirement of complete diversity of citizenship...no party on one side of the case may be a citizen of the same state as any party on the other side.").

Here, Mr. Weant and his wife, Mrs. Weant (in her loss of consortium claim), seek damages in excess of $75,00 exclusive of interests and costs. The Weants properly allege citizenship of all named Defendants, and Defendants' citizenships are diverse to Mr. Weant's. However, Plaintiffs fail to allege Mrs. Weant's citizenship. Though Mrs. Weant's claim is derivative of her husband's personal injury claim, she is a named Plaintiff, and as such must have citizenship diverse from all Defendants to preserve federal subject matter jurisdiction. Though the complaint alleges that Mrs. Weant "lives and cohabitates" with Mr Weant, a citizen of Nevada, federal subject matter jurisdiction "must be a matter of certainty and not of probabilities (however high)." *Murphy v. Schering Corporation*, 878 F. Supp. 124, 125-26 (N.D. Ill. 1995); *see also Thomas v. Guardsmark, LLC,* 487 F.3d 531, 533 (7th Cir. 2007) ("[A]n appellant's naked declaration that there is diversity of citizenship is never sufficient."); *Medical Assurance Company, Inc., v. Hellman,* 610 F.3d 371, 376 (7th Cir. 2010).

Accordingly, Plaintiffs are **ORDERED** to file an amendment to the complaint (Doc. 4) alleging Mrs. Weant's citizenship. Plaintiffs shall file the amendment to fully establish complete diversity under 28 U.S.C. § 1332 on or before November 24, 2011.

**IT IS SO ORDERED.**

DATED: November 14, 2011

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge